IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| LINDA LOU SMITH and JERRY SMITH, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No. 3:06-CV-351 |
| | ) | (PHILLIPS/GUYTON) |
| HIGHLAND PARK RURITAN CLUB, | ) | |
| | ) | |
| Defendant. | ) | |

## <u>MEMORANDUM AND ORDER</u>

This civil action is before the Court pursuant to 28 U.S.C. § 636(b), the Rules of this Court, and by Orders [Docs. 31, 47] of the Honorable Thomas W. Phillips, United States District Judge, for disposition of the plaintiffs' Motions in Limine [Docs. 26, 27, 28, 29] and Motion to Strike [Doc. 46], and the defendant's Motion in Limine. [Doc. 43] On June 26, 2008, the parties appeared before the Court for a hearing on the instant motions. After the hearing, the Court took the motions under advisement, and they are now ripe for adjudication. The Court will address each motion in turn.

## I.     Plaintiffs' First Motion in Limine [Doc. 26]

During the hearing, plaintiffs' counsel advised the Court that plaintiffs were withdrawing their first motion in limine. Accordingly, the plaintiffs' first motion in limine [Doc. 26] is hereby **DENIED as moot**.

## II.    Plaintiffs' Second Motion in Limine [Doc. 27]

The plaintiffs next move the Court to exclude any evidence of the defendant's good conduct, such as defendant's community service and other service related projects. The plaintiff contends that such good conduct is inadmissible under Rule 608 of the Federal Rules of Evidence, and further

argues that, even if admissible, such evidence would be more prejudicial than probative, and thus would not pass the Rule 404 balancing test. The defendant disagrees, arguing that the information is relevant, and claims that evidence relating to the defendant's good conduct is a factor that must be considered under Tennessee law, citing to <u>Plunk v. National Health Investors, Inc.</u>, 92 S.W.3d 409 (Tenn. Ct. App. 2002).

During the hearing, counsel stated that some of the services provided by the defendant include: providing gifts to the survivors of deceased family members, providing scholarships, making donations to police and veteran memorials, assisting the Boy Scouts, and placing American flags around the community on appropriate holidays. In addition, the defendant also rents its facility for use in hosting parties and receptions. It was this final activity, the rental of the defendant's facility, which led to the instant litigation, as the plaintiff was allegedly injured while attending a birthday party hosted by a third party who had rented the defendant's facilities.

Turning to the case cited by the defendant, in analyzing the duty owed to a third party to protect that third party from unreasonable danger, the <u>Plunk</u> court held that

> [i]n determining whether a risk of harm is unreasonable, the courts consider the foreseeable probability of the harm or injury occurring; the possible magnitude of the potential harm or injury; *the importance or social value of the activity engaged in by defendant*; the usefulness of the conduct to defendant; the feasibility of alternative, safer conduct and the relative costs and burdens associated with that conduct; the relative usefulness of the safer conduct; and the relative safety of alternative conduct.

<u>Plunk</u>, 92 S.W.3d at 413 (emphasis added). The defendant relies on this portion of <u>Plunk</u> for its argument that the social value of the defendant's activities is relevant to this litigation. The Court disagrees. The Court interprets the phrase "the importance or social value of the activity engaged in by defendant" to mean that a court should consider the social value of the activity at issue in the

litigation, not every possible social activity engaged in by the defendant, whether relevant or not.

In the instant case, the litigation arises out of the defendant's rental of its facility to third parties, and it is the social value of that activity that the Court must consider. The other activities engaged in by the defendant are not at issue in this case and are completely irrelevant. The fact that the defendant uses the garage at the rear of the facility, located near the area where Mrs. Smith was injured, for storage is relevant to the extent that it relates to the issue of whether it was foreseeable that Mrs. Smith would be in that area. However, in establishing the fact that the garage is used for storage, it is not necessary for the defendant to go into what the defendant actually stores in the garage, nor is it necessary for the defendant to state how the defendant uses the items stored in the garage. The fact that the defendant stores American flags in the garage for use in decorating the community at appropriate holidays, while commendable, is not relevant to the instant litigation. Furthermore, any probative value such evidence might possess is outweighed by a high risk of undue prejudice to the plaintiffs. Fed. R. Evid. 404.

Accordingly, the Court finds the plaintiffs' second motion in limine [Doc. 27] to be well-taken, and the same is hereby **GRANTED**. The defendant shall be precluded from introducing specific evidence of the community service related activities unrelated to the incident at issue in this case. For the purpose of introducing the defendant to the jury, the defendant may make general reference, without going into specifics, to the defendant's focus on community service.

III.     **Plaintiffs' Third Motion in Limine [Doc. 28]**

The plaintiffs next move the Court to preclude the defendants from introducing any speculative evidence that Mrs. Smith had been drinking alcoholic beverages on the night of the incident at issue. During the hearing, defense counsel stated that he had no intention of introducing

such evidence, but rather would be asserting that Mrs. Smith was sober on the night in question. Accordingly, the plaintiffs' third motion in limine [Doc. 28] is hereby **GRANTED**. The defendant is precluded from introducing any evidence alleging that Mrs. Smith had been drinking alcoholic beverages on the night in question, but is not barred from introducing evidence of her sobriety.

## IV.    Plaintiffs' Fourth Motion in Limine [Doc. 29]

The plaintiffs next move the Court to exclude any evidence of statements made by the plaintiffs to the insurance agents of the defendant prior to the filing of the instant litigation. The plaintiffs contend that the statements were made in the course of settlement negotiations, and are therefore inadmissible. The defendant opposes the motion, arguing that the statements were not made during settlement negotiations, but were instead made as part of the investigation of the defendant's insurance company. The defendant contends that the statements are admissible. During the hearing defense counsel stated that the statements in question would only be used for impeachment purposes at trial. Defense counsel further stated that, as of the hearing, the statements in question did not differ from the testimony offered during depositions, and thus the statements would be used for impeachment only if the testimony at trial differed from that previously offered in this matter.

Under the Federal Rules of Evidence, statements made during the course of compromise negotiations are generally inadmissible for the purposes of proving liability, even when the statements are used only for impeachment on the issue of liability. Fed. R. Evid. 408; Stockman v. Oakcrest Dental Ctr., P.C., 480 F.3d 791, 805 (6th Cir. 2007) (vacating a jury verdict and remanding for new trial because evidence of statements made during settlement negotiations was improperly admitted at trial). The party seeking to exclude a statement under Rule 408 bears the burden of

persuading the Court that the statement was made as part of compromise negotiations. <u>Raybestos Products Co. v. Younger</u>, 54 F.3d 1234, 1241 (7th Cir. 1995).

In the instant case, there is no evidence that the statements at issue were made during the course of compromise negotiations. Rather, based upon the arguments of counsel, it appears to the Court that the statements were made as part of an investigation made by the defendant's insurance company prior to the filing of the instant litigation. In the absence of some proof to the contrary, the Court finds that the plaintiffs have not carried their burden. Accordingly, the plaintiffs' fourth motion in limine [Doc. 29] is hereby **DENIED**. Given that the statements at issue are not before the Court, the Court in no way rules that the statements are, or are not, admissible. Rather, the Court rules only that the plaintiffs have not established a sufficient basis for the exclusion of the statements under Rule 408. The admissibility of the statements at trial will necessarily fall to the District Court's determination.

## V. Plaintiffs' Motion to Strike [Doc. 46]

The plaintiffs next move the Court to strike the defendant's motion in limine [Doc. 43] and proposed jury instructions [Doc. 45] as untimely filed. During the hearing, plaintiff's counsel conceded that the deadlines for the filing of motions in limine and jury instructions were extended when the District Court continued the trial in this matter. [<u>See</u> Doc. 48] Accordingly, the plaintiffs' motion to strike [Doc. 46] is hereby **DENIED**.

## VI. Defendant's Motion in Limine [Doc. 43]

The defendant moves the Court to exclude from evidence any reference by Dr. Koenig to the medical records of Dr. Kozar which were not relied upon by Dr. Koenig during Dr. Koenig's treatment of Mrs. Smith. The defendant further moves the Court to exclude from evidence any

reference by Dr. Koenig to the Work Disability Evaluation Report of Douglas Smith. The plaintiffs oppose the motion, arguing that it is proper for Dr. Koenig to consider the opinions and medical records prepared by other doctors in forming his expert medical opinion in this matter.

It is true that the Federal Rules of Evidence state that "If of a type reasonably relied upon by experts in the particular field in forming opinions or inferences upon the subject, the facts or data [relied upon by the expert in forming his opinion] need not be admissible in evidence in order for the opinion or inference to be admitted." Fed. R. Evid. 703. However, the same Rule goes on to state that: "Facts or data that are otherwise inadmissible shall not be disclosed to the jury by the proponent of the opinion or inference unless the Court determines that their probative value in assisting the jury to evaluate the expert's opinion substantially outweighs their prejudicial effect." Id.

With respect to the medical records of Dr. Kozar at issue, the Court finds that it is appropriate for Dr. Koenig to consider and rely on the medical records of other physicians who have treated the patient, as such records are "of a type reasonably relied upon by experts in the particular field in forming opinions or inferences upon the subject." Fed. R. Evid. 703. However, as the Court noted above, the fact that Dr. Koenig can consider the medical records of Dr. Kozar in forming his opinion does not automatically render the records of Dr. Kozar admissible at trial.

The primary focus of the defendant's concern over the records appears to be an alleged statement in the records indicating that Mrs. Jones lost her job because of the injuries she sustained in the incident at issue. The medical records are not before the Court, so the Court is uncertain of the origin of that statement within the records. However, such a statement appears to represent

multiple levels of hearsay, as well as possibly being speculative in nature. If the statement is included in the record because Mrs. Jones told her doctor that she was fired because of her injury, then the question remains of whether Mrs. Jones is speculating that such a statement is true, or was actually informed that such was the basis of her termination. If Mrs. Jones or Dr. Kozar were speculating as to the cause of Mrs. Jones' termination, such evidence would be inadmissible under Rule 602 of the Federal Rules of Evidence. If Mrs. Jones were reciting an unsworn, out of court statement made by her employer at the time of her termination, the plaintiff would need to provide an additional hearsay exception(s) to cover the additional layer(s) of hearsay. The Court knows of no such exception in this case, as the business, or in this case medical, records exception would not cover the additional level of hearsay. Accordingly, the Court finds that the statement that Mrs. Jones lost her job because of her injury is, at this point, inadmissible at trial. Should plaintiffs be able to provide an evidentiary basis for the admission of the statement, they may raise that issue at trial, but no such basis has been established at this point.

In so ruling, the Court does not hold that Dr. Koenig is barred from testifying as to whether he believed that Mrs. Jones' injuries would preclude her from performing her prior employment. Dr. Koenig's qualifications and expert report are not before the Court, so the Court cannot determine whether such an opinion is within the scope of Dr. Koenig's expert disclosure, nor can the Court determine whether Dr. Koenig is qualified to make such an opinion. Rather, the Court is simply ruling that Dr. Koenig cannot use his status as a medical expert to introduce otherwise objectionable evidence, such as the apparently speculative or hearsay evidence at issue.

Given that the medical records at issue are not before the Court, the Court cannot rule as to the admissibility of the remainder of the records. The admissibility of the records at trial will

necessarily depend upon their authentication and relevance.

With respect to the Work Disability Evaluation Report of Douglas Smith, the Court finds that such reports are "of a type reasonably relied upon by experts in the particular field in forming opinions or inferences upon the subject," and thus it is appropriate for Dr. Koenig to rely upon the report in forming his opinion. Fed. R. Evid. 703. Again, however, the fact that the doctor can consider the report in making his opinion does not, standing alone, make the report admissible. The report is not before the Court, nor has any evidentiary framework for the report's admission been made, so the Court cannot rule as to the admissibility of the report at trial. The Court can, and does, rule, however, that the report should not be suppressed simply because it was not considered by Dr. Koenig when he initially treated Mrs. Smith.

The defendant contends that Tennessee law precludes a doctor from relying on medical records which the doctor did not consider when treating the patient, citing New Jersey Zinc v. Cole, 532 S.W.2d 246 (Tenn. 1975). However, the defendant's reliance on Tennessee law is misplaced. In federal court, evidentiary matters are generally governed by the Federal Rules of Evidence and federal common law. Fed. R. Evid. 101 and 1101; Legg v. Chopra, 286 F.3d 286, 289 (6th Cir. 2002) ("Rules of evidence are deemed rules of procedure and therefore, the Federal Rules of Evidence, rather than state evidentiary laws, are held to apply in federal diversity proceedings."). In federal court, generally only questions of privilege, raised in diversity actions, are governed by state evidentiary law. Fed. R. Evid. 501. Thus, Tennessee law is inapplicable to this issue.

Accordingly, for the reasons set forth above, the defendant's motion [Doc. 43] is **GRANTED in part**, to the extent that there shall be no reference to the statement in Dr. Kozar's medical records that Mrs. Smith was terminated because of her injury, and **DENIED in part**, to the

extent that the records of Dr. Kozar and the report of Douglas Smith are not otherwise excluded, assuming the plaintiffs can establish the proper evidentiary framework for their admission and the documents are not otherwise inadmissible.

**VII.    Conclusion**

For the reasons set forth more fully above, the plaintiffs' first motion in limine [Doc. 26] is **DENIED as moot**; the plaintiffs' second and third motions in limine [Docs. 27, 28] are **GRANTED** to the extent set forth above; the plaintiffs' fourth motion in limine [Doc. 29] and motion to strike [Doc. 46] are **DENIED**; and the defendant's motion in limine [Doc. 43] is **GRANTED in part** and **DENIED in part** to the extent set forth above.

**IT IS SO ORDERED.**

ENTER:

_____s/ H. Bruce Guyton_____
United States Magistrate Judge